NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| DAMIAN HARRIELL, | : |
| Plaintiff | : Civ. No. 20-14710 (RMB-AMD) |
| v. | : |
| | : **OPINION** |
| SALEM COUNTY CORR. FACILITY, | : |
| Defendant | : |

BUMB, District Judge

Plaintiff Damian Harriell is pretrial detainee who was confined in Salem County Correctional Facility in Woodstown, New Jersey at the time he filed a pro se civil rights complaint. (Compl., Dkt. No. 1.) For the following reasons, the Court will dismiss the Complaint without prejudice.

I. FILING FEE/IN FORMA PAUPERIS

Pursuant to Local Civil Rule 54.3, the Clerk shall not be required to enter any suit, file any paper, issue any process, or render any other service for which a fee is prescribed, unless the fee is paid in advance. Under certain circumstances, however, this Court may permit an indigent plaintiff to proceed *in forma pauperis.* The entire fee to be paid in advance of filing a civil complaint is $402. That fee includes a filing fee of $350 plus an administrative fee of $52, for a total of $402.  A prisoner who is granted *in forma pauperis* status will instead be assessed a filing fee of $350 to be paid in installments and will not be responsible for the $52 administrative fee. A prisoner who is denied *in forma pauperis* status

must pay the full $402, including the $350 filing fee and the $52 administrative fee, before the complaint will be filed.

Title 28, section 1915 of the United States Code establishes certain financial requirements for prisoners who are attempting to bring a civil action *in forma pauperis*. Under § 1915, a prisoner seeking to bring a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets and liabilities, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate official of each correctional facility at which he was or is confined during such six-month period. Id.

If the prisoner is granted *in forma pauperis* status, the prisoner must pay the full amount of the filing fee in installments. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the filing fee is paid, the agency having custody of the prisoner shall deduct from the prisoner's account, and forward to the Clerk, an installment payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (*in forma pauperis* actions);  28 U.S.C. § 1915A (dismissal of actions in which prisoner seeks redress from a governmental

defendant). If the Court dismisses the case for any of these reasons, § 1915 does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

In this case, Plaintiff has not submitted a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. This matter will, therefore, be administratively terminated. Furthermore, for the following reasons, Plaintiff's complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted.

## II. LEGAL STANDARD FOR *SUA SPONTE* DISMISSAL

District courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, see 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, see 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, see 42 U.S.C. § 1997e. District courts must *sua sponte* dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B), § 1915A(b)(1); 42 U.S.C. § 1997e(c)(1). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." Schreane v. Seana, 506 F. App'x 120, 122 (3d Cir. 2012) (citing Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)); Mitchell v. Beard, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(l)); Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544

(2007), as explained by the United States Court of Appeals for the Third Circuit as follows. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Fair Wind Sailing, Inc. v. Dempster</u>, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting <u>Iqbal</u>, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 555). Pro se pleadings must be liberally construed. <u>Haines v. Kerner</u>, 404 U.S. 519 (1972). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." <u>Mala v. Crown Bay Marina, Inc.</u>, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

III.   DISCUSSION

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. <u>West v.</u>

4

Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255–56 (3d Cir. 1994).

Plaintiff alleges that, in July 2020, he was a pretrial detainee wearing a medical boot on his foot and was restricted to the first floor of Salem County Correctional Facility ("SCCF"). (Compl., Dkt. No. 1.) When Plaintiff was returned to SCCF after a medical appointment, he was placed in quarantine for 14 days. After the quarantine expired, he was directed to a room on the second floor. As he climbed the stairs to the second floor, he carried his food tray with him. After finishing with the tray, a corrections officer directed Plaintiff to take the tray back down the stairs. In doing so, Plaintiff fell from the top of the stairs. Plaintiff was taken to a hospital where he was diagnosed with a slipped disc in his back. Upon his return to SCCF from the hospital, a nurse informed Plaintiff that he never should have been on the second floor with a medical boot on his foot.

The Court construes the Complaint as alleging a claim of deliberate indifference to his serious medical need to be restricted to the first floor of SCCF while wearing a medical boot, in violation of the Eighth Amendment.[1] The only defendant named in the Complaint is a county jail. Prisons or jails are not "persons" who can be sued under § 1983. See Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973) (the New Jersey Prison Medical Department may not be sued under § 1983 because it is not a "person" within the meaning of the statute) (citing United States ex rel. Gittlemacker v. County of Philadelphia, 413 F.2d 84 (3d Cir. 1969), cert. denied, 396 U.S. 1046 (1970)). Further, under 42 U.S.C. § 1983 there is no vicarious liability of an employer or supervisor, and Plaintiff must name a defendant who

---

[1] If Plaintiff intended to a file a claim alleging only negligence, he should be advised that this Court lacks jurisdiction over a tort claim, which should be brought in state court. See, NJ ST. 59:1-1 et seq.

has personal involvement in the alleged constitutional violation. Iqbal, 556 U.S.at 676 (2009). The Court will dismiss the complaint without prejudice.

IV. CONCLUSION

For the foregoing reasons, Plaintiff's complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted and this matter is administratively terminated. Plaintiff shall have thirty (30) days in which to either pay the $400 filing fee or submit a complete application to proceed *in forma pauperis* along with a proposed amended complaint that corrects the deficiencies of his original complaint, should he elect to do so. An appropriate order will be entered.


DATED: **October 26, 2021**

           s/Renée Marie Bumb
           **RENÉE MARIE BUMB**
           **United States District Judge**